1  James M. Lee (Bar No. 192301)
2  Enoch H. Liang (Bar No. 212324)
   Email:  chl@ltlcounsel.com
3  Caleb H. Liang (Bar No. 261920)
4  Email:  chl@ltlcounsel.com
   LEE TRAN & LIANG APLC
5  601 S. Figueroa Street, Suite 4025
   Los Angeles, CA 90017
6  Telephone:  (213) 612-3737
7  Facsimile:  (213) 612-3773
8
   Attorneys for Plaintiff,
9  Amculture Trading, Inc.

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
   AMCULTURE TRADING, INC.,              Case No. CV10 6957-AHM (AGRx)
13
            Plaintiff,                   STIPULATED PROTECTIVE
14                                       ORDER
15 v.
                                         [DISCOVERY MATTER]
16
   RENAISSANCE IMPORTS, INC.; and
17 DOES 1 through 10.
18          Defendants.
19
20
21
22
23
24
25
26
27
28

                    STIPULATED PROTECTIVE ORDER

*NOTE CHANGES MADE BY THE COURT*

Exhibit E
Exhibit E
16

1    WHEREAS, on December 3, 2010 the Court granted a right to attach order to

2  Plaintiff AMCULTURE in the amount of $1,434,695.76 (Docket No. 39);

3    WHEREAS, on December 9, 2010, the Court ordered the Plaintiff to serve discovery

4  by December 10, 2010 and Defendant to "respond to that discovery in a timely fashion as

5  required by the Federal Rules of Civil Procedure" (Docket No. 44);

6    WHEREAS, Defendant RENAISSANCE has claimed in its December 7, 2010

7  Opposition papers that (Docket No. 42) that privacy and/or trade secret concerns may be

8  implicated by disclosing third party purchase orders and invoices;

9    WHEREAS, neither party wishes to have the issue of claimed privacy or trade secret

10  concerns to delay Renaissance's discovery responses;

11    **IT IS HEREBY STIPULATED** by the undersigned parties, Plaintiff

12  AMCULTURE and Defendants RENAISSANCE, through their respective counsel and

13  subject to the approval of the Court, that a Protective Order be issued in this action

14  regarding certain documents and information produced during discovery.  The parties

15  hereto intend to, and expect that both parties and non-parties to this litigation will produce

16  documents, respond to written discovery (including but not limited to responses to

17  interrogatories, requests for production, and requests for production of documents) and

18  provide certain testimony which may contain or constitute highly confidential, non-public

19  information, or which may constitute trade secrets.  The parties desire that such

20  confidential material be protected by virtue of designating such material as confidential and

21  restricting its dissemination.

22

23                          **GOOD CAUSE STATEMENT**

24    It is the intent of the parties and the Court that confidential materials will not be

25  designated as protected information for tactical reasons in this case and that nothing will be

26  so designated without a good faith belief that there is good cause why it should not be part

27  of the public record of this case.

28    Confidential information that the parties may seek to protect from unrestricted or

---
1

**STIPULATED PROTECTIVE ORDER**

1  unprotected disclosure includes confidential information qualifying as trade secrets

2  pursuant to California Civil Code § 3426.1; confidential information regarding design,

3  development, licensing, and/or manufacturing; confidential customer lists and information

4  from which a confidential customer list may be derived; confidential information regarding

5  the finances of a privately-held company; confidential information regarding costs, sales,

6  pricing, revenue, and profits; personal and private information, including tax returns; and

7  other sensitive commercial or personal information having a similar degree of

8  confidentiality and value to the Producing Party similar to that of the foregoing.

9

10  **I.**    **DEFINITIONS**

11      1.    As used in this Protective Order,

12          a.    "Designating Party" means any Person who designates Material as

13  Confidential Material.

14          b.    "Discovering Counsel" means counsel of record for a Discovering

15  Party.

16          c.    "Discovering Party" means the Party to whom Material is being

17  Provided by a Producing Party.

18          d.    "Confidential Material" means any material designated as

19  "CONFIDENTIAL" or, where appropriate, "ATTORNEYS' EYES ONLY," in accordance

20  with the terms of this Protective Order.

21          e.    "Material" means any document, testimony or information in any form

22  or medium whatsoever, including, without limitation, any written or printed matter,

23  Provided in this action by a Party, or Non-Party, before or after the date of this Protective

24  Order.

25          f.    "Non-Party" refers to a Person who is not a Party.

26          g.    "Party" and "Parties" refers to any party to this action or all of them.

27

28

2

**STIPULATED PROTECTIVE ORDER**

Exhibit E
18

1       h.      "Person" means any individual, corporation, partnership,

2   unincorporated association, governmental agency, or other business or governmental entity

3   whether a Party or not.

4       i.      "Producing Party" means any Person who Provides Material during the

5   course of this action.

6       j.      "Provide" means to produce any Material, whether pursuant to request

7   or process, including but not limited to producing documents, producing data, providing

8   information in response to interrogatories and responding to questions at deposition.

9

10  **II.   CONFIDENTIAL DESIGNATION**

11      2.      A Producing Party may designate as "CONFIDENTIAL" any Material

12  Provided to a Party which contains or discloses any of the following:

13      a.      Material that is considered in good faith by the Designating Party to

14  constitute a trade secret pursuant to California Civil Code § 3426.1; confidential

15  information regarding design, development, licensing, and/or manufacturing; confidential

16  customer lists and information from which a confidential customer list may be derived;

17  confidential information regarding the finances of a privately-held company; confidential

18  information regarding costs, sales, pricing, revenue, and profits; personal and private

19  information, including tax returns; or other sensitive commercial or personal information

20  having a similar degree of confidentiality and value to the Producing Party; and

21      b.      Material that the Party is under a duty to preserve as confidential under

22  an agreement with or other obligation to another Person.

23      3.      A Producing Party may designate as "ATTORNEYS' EYES ONLY" Material

24  that the Producing Party in good faith believes contains or discloses Material of an

25  extremely high degree of current commercial sensitivity that would provide a competitive

        or competitive disadvantage to the Producing Party

AGR 26  advantage to a Discovering Party if disclosed to it ("the Good Faith Belief Requirement"),

27  including but not limited to the following, which may be designated as "ATTORNEYS'

28  EYES ONLY" Material if the Producing Party meets the Good Faith Belief Requirement:

3

**STIPULATED PROTECTIVE ORDER**

Exhibit E
19

1  Any Materials Provided that the Producing Party reasonably believes in good faith to

2  contain source code; nonpublic patent applications or related things and documents;

3  technical research and development information; revenue share or confidential pricing

4  information; confidential commercial, material or other non-public terms in business

5  agreements with third parties; competitive business strategies and forward-looking business

6  plans, including identification of targets for potential investments, marketing plans,

7  forecasts, and financial performance parameters; market share and revenue projections;

8  valuation of investments or potential investments (including licensing agreements, equity

9  investments and acquisitions); due diligence materials related to investments or potential

10  investments (including licensing agreements, equity investments and acquisitions);

11  nonpublic concepts and plans for new entertainment programming; personally identifying

12  information concerning users (which shall not be construed to include any information a

13  user posts or uploads for public viewing on any website); advertising rates (e.g., cost per

14  mile, click, or action); proprietary information regarding web site traffic; or commercially

15  sensitive database schemas, may be designated HIGHLY CONFIDENTIAL by the

16  producing party or a party who is the original source of the document or information.

17      4.    A Producing Party shall stamp as "CONFIDENTIAL" or "ATTORNEYS'

18  EYES ONLY" Material that the Producing Party in good faith believes are entitled to

19  protection pursuant to the standards set forth in Paragraphs 2 and 3 of this Stipulated

20  Protective Order. A Producing Party may designate Confidential Material for protection

21  under this order by either of the following methods:

22      a.    By physically marking it with the following inscription prior to

23  Providing it to a Party:

24            CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

25                  or

26      ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

27      b.    By identifying with specificity in writing to the Discovering Party any

28  previously Provided Material which was not designated as Confidential Material prior to its

4

**STIPULATED PROTECTIVE ORDER**

1   having been Provided.  For purposes of this method of designation, it will be a sufficiently

2   specific identification to refer to the bates numbers or deposition page numbers of

3   previously Provided Material.  Where a Producing Party designates previously Provided

4   Material as Confidential Material pursuant to this subparagraph, the Producing Party will

5   follow the procedures set forth in the previous subparagraph for designating Confidential

6   Material, and Provide to the Discovering Party additional copies of the previously Provided

7   Material marked with the inscription described in the previous subparagraph.  For

8   previously Provided Material which was not designated as Confidential Material at the time

9   of its being Provided, this Protective Order shall apply to such Materials beginning on the

10  date that the Producing Party makes such designation.

11          c.      The designation of documents as "CONFIDENTIAL" or

12  "ATTORNEYS' EYES ONLY" does not entitle the parties to have those documents filed

13  under seal.  An application, including a stipulated application, to file documents under seal,

14  must comply with Local Rule 79-5.  In accordance with Local Rule 79-5.1, if any papers to

15  be filed with the Court contain information and/or documents that have been designated as

16  "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an

17  application to file the papers or the portion thereof containing the designated information or

18  documents (if such portion is segregable) and if appropriate, the application itself under

19  seal; and the application shall be directed to the judge to whom the papers are directed.  For

20  motions, the parties shall publicly file a redacted version of the motion and supporting

21  papers.

22          d.      Inadvertent failure to designate Material as "CONFIDENTIAL" or

23  "ATTORNEYS' EYES ONLY" under this Stipulated Protective Order shall not operate as

24  waiver of the Party's right to subsequently designate such Material as "CONFIDENTIAL"

25  or "ATTORNEYS' EYES ONLY."

26          e.      Non-Parties who produce Material in connection with this action,

27  whether in response to a subpoena or otherwise, may produce such Material under the

28  protections afforded by this Stipulated Protective Order by complying with its provisions.

5

**STIPULATED PROTECTIVE ORDER**

## III.  RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

5.  Confidential Material designated as "CONFIDENTIAL" shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in Paragraph 8 of this Stipulated Protective Order and other than in accordance with the terms, conditions and restrictions of this Stipulated Protective Order.  Confidential Material designated as "ATTORNEYS' EYES ONLY" shall not be disclosed, nor shall its contents be disclosed to any Person other than those described in Paragraph 9 of this Stipulated Protective Order.  To the extent that Confidential Material is or becomes known to the public through no fault of the Discovering Party, such Confidential Material shall no longer be subject to the terms of this Stipulated Protective Order.

6.  Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, *other than the Court* specifically including the persons identified in Paragraphs 8 or 9 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

*AGR*

7.  All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 8 or 9 of this Protective Order.

8.  For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Stipulated Protective Order, Discovering Counsel may disclose Material designated as "CONFIDENTIAL," and the contents of Material designated as "CONFIDENTIAL," only to the following persons:

a.  Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, members, associates, paralegals, assistants, secretaries, and clerical staff;

STIPULATED PROTECTIVE ORDER

1            b.     Parties, including those officers, directors or employees of the Parties to

2  this litigation, including their parents, subsidiaries, affiliates and insurers, who are

3  reasonably necessary to assist counsel in this litigation;

4            c.     Court and deposition reporters and their staff;

5            d.     The Court and any Person employed by the Court whose duties require

6  access to Material designated as "CONFIDENTIAL;"

7            e.     Non-Party experts and consultants assisting counsel with respect to this

8  action and their secretarial, technical and clerical employees who are actively assisting in

9  the preparation of this action;

10           f.     Photocopy service personnel who photocopied or assisted in the

11  photocopying or delivering of documents in this litigation;

12           g.     Any Person identified on the face of any such Material designated as

13  "CONFIDENTIAL" as an author or recipient thereof;

14           h.     Any Person who is determined to have been an author and/or previous

15  recipient of the Material designated as "CONFIDENTIAL," but is not identified on the face

16  thereof, provided there is prior testimony of actual authorship or receipt of the Material

17  designated as "CONFIDENTIAL" by such Person;

18           i.     A witness at any deposition or other proceeding in this action, during

19  the course of their testimony, whom counsel for a Party legitimately believes has

20  knowledge of the contents of the Material designated "CONFIDENTIAL" or the specific

21  events, transactions, discussions, or data reflected in the Material, and upon the witness

22  being advised of the need and agreeing to keep the Material confidential;

23           j.     Mediators; and

24           k.     Any Person who the Parties agree in writing may receive Material

25  designated as "CONFIDENTIAL."

26      The Parties shall make a good faith effort to limit dissemination of Material

27  designated as "CONFIDENTIAL" within these categories to Persons who have a

28  reasonable need for access thereto.

7

**STIPULATED PROTECTIVE ORDER**

9.   For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Stipulated Protective Order, the Discovering Counsel may disclose Material designated as "ATTORNEYS' EYES ONLY," and the contents of Material so designated, only to the following persons:

    a.   Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, members, associates, paralegals, assistants, secretarial, and clerical staff;

    b.   Court and deposition reporters and their staff;

    c.   The Court and any person employed by the Court whose duties require access to Material designated as "ATTORNEYS' EYES ONLY;"

    d.   Non-Party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action;

    e.   Any Person identified on the face of any such Material designated as "ATTORNEYS' EYES ONLY" as an author or recipient thereof;

    f.   Any Person who is determined to have been an author and/or previous recipient of the Material designated as "ATTORNEYS' EYES ONLY," but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as "ATTORNEYS' EYES ONLY" by such Person; and

    g.   Any Person who the Parties agree in writing may receive Material designated as "ATTORNEYS' EYES ONLY."

    The Parties shall make a good faith effort to limit dissemination of Material designated as "ATTORNEYS' EYES ONLY" within these categories to Persons who have a reasonable need for access thereto.

## IV.  UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

10.   Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 8(b) or (e), or 9(d) above, the Person to whom disclosure is to

8

**STIPULATED PROTECTIVE ORDER**

1  be made shall receive a copy of this Stipulated Protective Order, shall read it, shall
2  evidence his or her agreement to be bound by the terms, conditions, and restrictions of the
3  Stipulated Protective Order by signing an undertaking in the form attached hereto as
4  **Exhibit A** (the "Undertaking"), and shall retain the copy of this Stipulated Protective
5  Order, with a copy of his or her signed Undertaking attached.  Discovering Counsel shall
6  keep a copy of the signed Undertaking for each person described in subparagraphs 8(b) or
7  (e), or 9(d) to whom Discovering Counsel discloses Confidential Material.  A copy of the
8  signed Undertaking shall be served on all Producing Parties in this action upon request.
9  The Discovering Party shall take reasonable steps to ensure that Persons signing the
10  Undertaking observe the terms of this Stipulated Protective Order.

11

12  **V.  DEPOSITIONS**

13      11.    Those portions of depositions taken by any Party at which any Material
14  designated as "CONFIDENTIAL" is used or inquired into, may not be conducted in the
15  presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and
16  (c) Persons authorized under Paragraph 8 of this Protective Order to view such Confidential
17  Material.  During those portions of depositions in which Material designated
18  "ATTORNEYS' EYES ONLY" is used or inquired into, only those persons authorized
19  under Paragraph 9 to view such Materials may be present.

20      12.    Counsel for any deponent may designate testimony or exhibits as Confidential
21  Material by indicating on the record at the deposition that the testimony of the deponent or
22  any exhibits to his or her testimony are to be treated as Confidential Material.  Counsel for
23  any Party may designate exhibits in which that Party has a cognizable interest as
24  Confidential Material by indicating on the record at the deposition that such exhibit(s) are
25  to be treated as Confidential Material.  Failure of counsel to designate testimony or exhibits
26  as confidential at deposition, however, shall not constitute a waiver of the protected status
27  of the testimony or exhibits.  Within thirty calendar days of receipt of the transcript of the
28  deposition, or thirty days of the date on which this Stipulated Protective Order becomes

9

**STIPULATED PROTECTIVE ORDER**

1   effective, whichever occurs last, counsel shall be entitled to designate specific testimony or

2   exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the

3   transcript or exhibits as Confidential Material within the above-described thirty day period,

4   any other Party shall be entitled to treat the transcript or exhibits as non-confidential

5   material, unless the exhibit was previously marked "CONFIDENTIAL" or

6   "ATTORNEYS' EYES ONLY." For purposes of this paragraph, this Stipulated Protective

7   Order shall be deemed "effective" on the date it has been executed by all counsel for the

8   Parties.

9        13.    When Material disclosed during a deposition is designated Confidential

10  Material at the time testimony is given, the reporter shall separately transcribe those

11  portions of the testimony so designated, shall mark the face of the transcript in accordance

12  with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in

13  separate files marked to designate the confidentiality of their contents. The reporter shall

14  not file or lodge with the Court any Confidential Material without obtaining written consent

15  from the Party who designated the Material as Confidential Material. For convenience, if a

16  deposition transcript or exhibit contains repeated references to Confidential Material which

17  cannot conveniently be segregated from non-confidential material, any Party may request

18  that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

19

20  **VI. OBJECTIONS TO DESIGNATION**

21       14.    Any Party may at any time notify the Designating Party in writing of its

22  contention that specified Material designated as Confidential Material is not properly so

23  designated because such Material does not warrant protection under applicable law. The

24  Designating Party shall meet and confer under Local Rule 37-1 in good faith with the Party

25  challenging the designation in an attempt to resolve such dispute. If the dispute is not

26  resolved, the Designating Party must file a ~~motion~~ Joint Stipulation under Local Rule 37 to uphold the

27  designation of the Material in question ~~within 5 days of the meet and confer~~ under the time frames set forth in the local rule. Pending

28  resolution of any such motion, all Persons bound by this Protective Order shall continue to

AGR

10

treat the Material which is the subject of the motion as Confidential Material. If the Parties want to file the Joint Stipulation required by Local Rule 37 under seal, the Parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

## VII. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

15.     If a Party inadvertently Produces Material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, the Party may retrieve such information as follows:

a.     Within five (5) court days of the date of discovery by the Party of the inadvertent production by it, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the Material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

b.     Upon receipt of such notice, any Party who has received the subject Material shall promptly return all copies to the Party asserting inadvertent production. In the event that only part of any Material is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the Material a redacted copy of such Material, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

c.     Any Party who has received the subject Material may contest the claim of privilege or inadvertence by filing a motion [Joint Stipulation] contesting the claim ~~within five (5) court days of receiving the notice under subparagraph (a) above~~ [under the time frames set forth in the local rules]. During the pendency of such motion, the receiving Party need not return all copies of the subject Material to the Party asserting inadvertent production; however, the receiving Party may not use or disclose the Material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

11

**STIPULATED PROTECTIVE ORDER**

Exhibit E
27

1         d.     The provisions of the above subparagraphs are without prejudice to any

2    other rights that any Party may have with respect to challenging or defending any claim of

3    privilege. However, the inadvertent disclosure or production of any such privileged

4    Material shall not be deemed a waiver of that privilege, or to preclude reliance on that

5    privilege.

6

7    **VIII. RETURN OF MATERIAL UPON TERMINATION OF LAWSUIT**

8         16.     Within sixty (60) calendar days after the final settlement or termination of this

9    action, Discovering Counsel shall return or destroy (at the option and expense of

10   Discovering Counsel) all Confidential Materials provided by a Producing Party and all

11   copies thereof except to the extent that any of the foregoing includes or reflects

12   Discovering Counsel's work product, and except to the extent that such Material has been

13   filed with a court. In addition, with respect to any such retained work product and unless

14   otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a

15   secure area all work product which embodies Confidential Material together with all of the

16   signed undertakings they are required to preserve pursuant to Paragraph 10 above, and shall

17   not make use of such Confidential Material except in connection with any action arising

18   directly out of these actions, or pursuant to a court order for good cause shown. The

19   obligation of this Stipulated Protective Order shall survive the termination of this action.

20   This obligation, however, would be obviated should Discovering Counsel destroy such

21   retained work product and signed undertakings. Upon request, counsel for each Party shall

22   verify in writing that they have complied with the provisions of this paragraph.

23

24   **IX. SCOPE OF THIS ORDER**

25        17.     Not later than twenty days before trial in the action, Counsel agree to meet and

26   confer concerning the use at trial of Confidential Material.

27        18.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive

28   any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek

12

**STIPULATED PROTECTIVE ORDER**

1   to obtain additional or different protection for, Material claimed to be protected work

2   product or privileged under California or federal law, Material as to which the Producing

3   Party claims a legal obligation not to disclose, or Material not required to be provided

4   pursuant to California or other applicable law; (b) to seek to modify or obtain relief from

5   any aspect of this Stipulated Protective Order; (c) to object to the use, relevance, or

6   admissibility at trial or otherwise of any Material, whether or not designated in whole or in

7   part as Confidential Material governed by this Stipulated Protective Order; or (d) otherwise

8   to require that discovery be conducted according to governing laws and rules.

9       19.    Designation of Material as Confidential Material on the face of such Material

10   shall have no effect on the authenticity or admissibility of such Material at trial.

11       20.    This Stipulated Protective Order shall not preclude any Person from waiving

12   the applicability of this Stipulated Protective Order with respect to any Confidential

13   Material Provided by that Person or using any Confidential Material Provided by that

14   Person or using any Confidential Material owned by that Person in any manner that Person

15   deems appropriate.

16       21.    The restrictions set out in the Stipulated Protective Order shall not apply to

17   any Material which:

18           a.    At the time it is Provided is available to the public;

19           b.    After it is Provided, becomes available to the public through no act, or

20   failure to act, of the Discovering Party; or

21           c.    The Discovering Party can show was already known to the Discovering

22   Party independently of receipt of the Confidential Material from the Producing Party in this

23   litigation.

24       22.    If at any time any Material protected by this Stipulated Protective Order is

25   subpoenaed from the Discovering Party by any Court, administrative or legislative body, or

26   is requested by any other Person or entity purporting to have authority to require the

27   production of such material, the Party to whom the subpoena or other request is directed

28   shall immediately give written notice thereof to the Producing Party with respect to

13

**STIPULATED PROTECTIVE ORDER**

1   Confidential Material sought and shall afford the Producing Party reasonable opportunity to
2   pursue formal objections to such disclosures.  If the Producing Party does not prevail on its
3   objections to such disclosure, the Discovering Party may produce the Confidential Material
4   without violating this Stipulated Protective Order.  Nothing contained in this paragraph is
5   intended to be construed as authorizing a party to disobey a lawful subpoena issued in
6   another action.
7
8   **X.   NO LIMITATION ON PROVIDING ADVICE TO CLIENT**
9         23.    This Stipulated Protective Order shall not bar any attorney herein in the course
10  of rendering advice to his or her client with respect to this litigation from conveying to any
11  Party his or her evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS'
12  EYES ONLY" material produced or exchanged herein; provided, however, that in
13  rendering such advice and otherwise communicating with his or her Party client, the
14  attorney shall not disclose the specific contents of such material, which disclosure would be
15  contrary to the terms of this Stipulated Protective Order.
16
17  **XI. SUBMISSION TO COURT**
18        24.    The Parties agree to submit this Stipulated Protective Order to the Court for
19  adoption as an order of the Court.  The parties further agree to be bound by this Stipulated
20  Protective Order in advance of a Court order adopting a Stipulated Protective Order.  The
21  Parties reserve the right to seek, upon good cause, modification of this Stipulated Protective
22  Order by the Court.
23
24  Dated:  December 23, 2010
25                              LEE TRAN & LIANG APLC
26                              IT IS SO ORDERED.
27                              DATED:  1/20/11
28                              Alicia G. Rosenberg
                                UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

1

2          By: /S/ Enoch H. Liang

3          Enoch H. Liang
                  Attorneys for Plaintiff,
4                 Amculture Trading, Inc.

5

6

7   Dated:  December 23, 2010

8

9          By: /
                  Theresa S. Barfield
10                Attorneys for Defendant,
11                Renaissance Imports, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**STIPULATED PROTECTIVE ORDER**

Exhibit E
31

## **EXHIBIT A**

## **UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of

_____ [print or type full

address], declare that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the Central District of California in the

case of *Amculture Trading, Inc. v. Renaissance Imports, Inc.*, Case Number CV10 6957-

AHM (AGRx).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date: _____

City and State where signed: _____

Signed: _____          _____

          [Print Name]                [Signature]

16

**STIPULATED PROTECTIVE ORDER**